# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LABORERS LOCAL UNION 158,** **LABORERS LOCAL UNION 158 HEALTH AND WELFARE FUND,** and **LABORERS LOCAL UNION 158 PENSION FUND,** | : CIVIL ACTION NO. 1:19-CV-1025 : : (Judge Conner) : : : |
| **Plaintiffs** | : : |
| v. | : : |
| **GLOBAL ENVIRONMENTAL SOLUTIONS, INC., and KEVIN POMERLEAU,** | : : : : : |
| **Defendants** | : |

## **MEMORANDUM**

### I. Background

Plaintiffs commenced the above-captioned civil action on June 17, 2019, with the filing of a four-count complaint against defendants Global Environmental Solutions, Inc., and Kevin Pomerleau, president of Global Environmental Solutions, Inc. (Doc. 1). Plaintiffs assert claims for unpaid contributions, damages, penalties, and interest under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185; Section 502(d) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(d); and the Pennsylvania Wage Payment and Collection Law, 43 PA. STAT. AND CONS. STAT. ANN. § 260.1 *et seq*.

On August 22, 2019, plaintiffs filed a status report with the court indicating that defendants had filed for Chapter 11 bankruptcy on May 14, 2019. (See Doc. 4). Thus, pursuant to 11 U.S.C. § 362, we entered an order on August 27, 2019, staying

this case and tasking plaintiffs to file quarterly status reports apprising the court of the status of the bankruptcy proceedings. (See Doc. 5). The stay continued until May 29, 2020, when plaintiffs submitted a status report indicating "the Bankruptcy has been dismissed and Plaintiffs are proceeding with completing service on the Defendants." (See Doc. 8 at 1-2). We entered an order that same day lifting the stay and directing the Clerk of Court to reopen the case. (See Doc. 9).

On September 15, 2020, plaintiffs filed a status report advising the court that plaintiffs "have been attempting to complete service," that "mailings to both Defendants were returned with a forwarding address," and that plaintiffs were "attempting to make service at the new address." (Doc. 10 at 2). Three months passed without word from plaintiffs, so on December 29, 2020, we entered an order directing plaintiffs to show cause within 14 days why the complaint should not be dismissed for failure to serve defendants within the time limits of Federal Rule of Civil Procedure 4(m). (See Doc. 11 (citing FED. R. CIV. P. 4(m))). On January 11, 2021, plaintiffs filed a status report stating they hired a process server in attempt to execute service at the best available address, that service had not been executed at that address, and that plaintiffs had discovered a new address for defendants in Louisiana and were attempting to complete service there. (See Doc. 12 at 1-2). We thereafter entered an order giving plaintiffs additional time, until March 1, 2021, to effect service. (See Doc. 13 at 1-2). The order admonished plaintiffs that if they were unable to effect service within that timeframe, they must show cause why the case should not be dismissed. (See id. at 2).

Plaintiffs filed a status report on February 25, 2021, and reported that service was not successful at the Louisiana address. (See Doc. 14 at 2). Plaintiffs indicated their process server was performing a "skip trace" search to try to find defendants. (See id.) Another two months went by without a filing from plaintiffs' counsel, so we entered a third show-cause order on May 3, 2021. (Doc. 15). Our order noted that it had been nearly a year since we lifted the bankruptcy stay on May 29, 2020, and plaintiffs had failed to effect service during that time. (See id. at 1). We gave plaintiffs 25 more days, until May 28, 2021, to effect service, and warned that failure to serve defendants by the deadline would result in dismissal of this case without prejudice pursuant to Rule 4(m). (See id.) More than a month has passed since the service deadline, and no return of service (nor any other filing) has been received by the court.

## II. Discussion

Federal Rule of Civil Procedure 4(m) sets forth the time limit for service of the summons and a copy of the complaint: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). The court may extend the time for service "for an appropriate period" if the plaintiff is able to show "good cause for the failure" to timely serve. Id.

The Third Circuit Court of Appeals has established a two-step process for district courts to apply in determining whether to dismiss a case for failure to timely serve or to grant additional time to effect service:

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service.

Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause requires good faith on the part of the plaintiff and some reasonable basis for noncompliance with the time specified in the federal rules. See MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). In deciding whether good cause exists, our "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." Id. Prejudice is one factor to be considered, but the absence of prejudice to the opposing party alone does not constitute good cause to excuse late service. Id.

The court has granted plaintiffs three extensions of time in which to serve the summons and complaint. (See Docs. 11, 13, 15). This lawsuit has now been pending for over *400 days*—more than four times the amount of time contemplated by Rule 4(m)—without service on the defendants.[1] Plaintiffs did not file a return of service by May 28, 2021, the deadline established by the court's most recent order, nor did

---

[1] Because the bankruptcy petition was filed on May 14, 2019, (see Doc. 4 at 1), before this action was initiated, we exclude from this calculation all time between the filing of this action and the lifting of the bankruptcy stay on May 29, 2020.

4

they file a request for further extension of time or a status report explaining their ongoing attempts to serve defendants.[2] Moreover, we note that plaintiffs' previous status reports offer little insight into whether plaintiffs have in fact been diligent in attempting to effect service over the course of the past 13 months; we know only that, sometime between September 2020 and January 2021, plaintiffs employed a process server to attempt to find defendants and serve them, but we have not been told much else about the nature of plaintiffs' efforts to comply with Rule 4(m). We find that plaintiffs have failed to establish good cause for further extensions of the service deadline, and we will thus dismiss plaintiffs' complaint without prejudice.

---

[2] Indeed, we note that plaintiffs never once actually *requested* an extension of time from the court. Plaintiffs merely filed (very brief) status reports, and the court granted the extensions of time *sua sponte*.

### III. Conclusion

Plaintiffs' complaint will be dismissed without prejudice for failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated: July 6, 2021